# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL R. MCNEIL**

      **Plaintiff,**

v.                                                      Case No: 6:24-cv-01790-WWB-DCI

**SALJANIN, LLC, and BIG MIKE'S BURGERS CORP,**

      **Defendants.**

## ORDER TO SHOW CAUSE

This matter comes before the Court on Plaintiff's Amended Motion for Clerk's Entry of Default Against Defendants Saljanin, LLC and Big Mike's Burgers Corp and Incorporated Memorandum of Law. Doc. 20 (the Motion). For the reasons below, the Motion is due to be denied, and the Court orders Plaintiff to show cause why this case should not be dismissed without prejudice.

**I.    BACKGROUND**

On October 3, 2024, Plaintiff initiated this action against Defendants Saljanin, LLC and Big Mike's Burgers Corp (collectively, Defendants) for violating 42 U.S.C. § 12181. Doc. 1. Plaintiff attempted to serve Saljanin, LLC at the address of registered agent Frank Saljanin on November 4, 2024. Doc. 12. The process server noted that he "received a phone call from [a] female [who] advised that she and Frank are divorced, and he does not live there. Stated that she has no affiliation with Saljanin, LLC." *Id.* On February 3, 2025, Plaintiff served process upon the Florida Secretary of State in—as will be explained—an unsuccessful attempt at substitute service upon Saljanin, LLC. Doc. 15. To date, Plaintiff has not properly served Saljanin, LLC.

Plaintiff successfully served Big Mike's Burgers Corp on November 15, 2024 by leaving a copy of the summons and complaint with an employee of registered agent Frank Saljanin. Doc. 16.

Plaintiff now seeks a clerk's entry of default for Defendants' failure to respond to the Complaint. Doc. 20.

## II.     LEGAL STANDARD

The Federal Rules require the clerk to enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). However, before entering default, the clerk must confirm that plaintiff has properly served a defaulting defendant because "where service of process is insufficient, a district court lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir.2003).

## III.    DISCUSSION

The Court cannot grant the relief Plaintiff seeks because Plaintiff did not properly serve Saljanin, LLC and did not timely move for the clerk's entry of default as to Big Mike's Burgers Corp.

### A.     Improper Service – Saljanin, LLC

Florida Statutes section 48.062 governs service on a limited liability company. Once a party has made a good faith attempt to serve the registered agent of the limited liability company, the statute requires plaintiff to attempt service:

> (a) On a member of a member-managed limited liability company;
> 
> (b) On a manager of a manager-managed limited liability company; or

> (c) if a member of manager is not available during regular business hours to accept service on behalf of the limited liability company, he, she, or it may designate an employee of the limited liability company to accept such service.

§ 48.062(2), Fla Stat. Neither the Motion nor the affidavit of service indicate that Plaintiff has attempted service as described in section 48.062(2). *See* Docs. 12, 20. Therefore, Plaintiff has not established that he has perfected service as to Saljanin, LLC, and the clerk should not enter default.

The Court also notes that more than 90 days have elapsed since Plaintiff filed the complaint. Because Plaintiff has not perfected service on Saljanin, LLC within 90 days, the Federal Rules authorize the Court to dismiss without prejudice the claims against Saljanin, LLC. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

### B. Untimely Motion for Default – Big Mike's Burgers Corp

While Plaintiff properly served Big Mike's Burgers Corp, Plaintiff concedes that the request for the clerk's entry of default "is overdue." Doc. 20 at 3. Local Rule 1.10(b) requires a party seeking default to file the request "[w]ithin twenty-eight days after a party's failure to plead or otherwise defend[.]" Plaintiff perfected service on Big Mike's Burgers Corp on November 15, 2024 (Doc. 16) but did not file the Motion until February 18, 2025. Doc. 20. Local Rule 1.10(d) provides that "failure to comply with a deadline in this rule can result in dismissal of the claim without notice and without prejudice." Therefore, the Court may also dismiss the claims against Big Mike's Burgers Corp.

### IV. CONCLUSION

Plaintiff commenced this action over six months ago but did not notify the Court that it had served a defendant until last month when Plaintiff filed the instant Motion. *See* Docs. 15-17.

3

Further, the Court entered an ADA Scheduling Order in October 2024—with a series of deadlines triggered by service of process—to efficiently manage this case. Doc. 10. Considering Plaintiff's failure to perfect service on Saljanin, LLC and Plaintiff's delay in pursuing the clerk's default against Big Mike's Burgers Corp, the Court will require Plaintiff to show cause why dismissal without prejudice is not appropriate at this juncture.

    Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 20) is **DENIED**; and

2. **on or before March 31, 2025**, Plaintiff shall show cause in writing why this case should not be dismissed without prejudice. If Plaintiff fails to show cause by that date, the case will be dismissed without prejudice without further notice. *See* Local Rule 1.10(b); 3.10; Fed. R. Civ. P. 4(m).

    **ORDERED** in Orlando, Florida on March 14, 2025.

                                            DANIEL C. IRICK
                                            UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record